Filed Electronically_____

**Entered on Docket
February 18, 2010**

*Bruce A. Markell*
_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

WILDE & ASSOCIATES
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
208 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone:  702 258-8200
Fax:  702 258-8787
bk@wildelaw.com
and
MARK S. BOSCO, ESQ.
Arizona Bar No. 010167
TIFFANY & BOSCO, P.A.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 255-6000
U.S. Bank National Association, as Trustee for Credit Suisse First Boston, MBS ARMT 2005-2
09-75074

# UNITED STATES BANKRUPTCY COURT

## SOUHERN DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | 09-18785-bam |
| Jose A. Saucedo and Maria Luisa Saucedo | Motion no.<br>Date:<br>Time: |
| Debtors. | Chapter 13 |

### ORDER VACATING AUTOMATIC STAY

Pursuant to the Declaration re Breach of Condition filed on January 19, 2010 and Debtors failure to cure the default prior to its expiration, and good cause appearing.

1  IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Automatic Stay in the above-entitled bankruptcy proceeding is immediately vacated and extinguished for all purposes as to Secured Creditor, U.S. Bank National Association, as Trustee for Credit Suisse First Boston, MBS ARMT 2005-2 its assignees and/or successors in interest, and Secured Creditor may proceed with a foreclosure of and hold a Trustee's Sale of the subject property, generally described as 1613 Cardinal Bluff Drive #201, Las Vegas NV and legally described as follows:

PARCEL ONE (1):
An undivided 1/72 interest as tenant in common-in- and to Phase 7 of Amended Final Map of RED HILLS AT THE PUEBLO, as shown by map thereof in file in Book 81 of Plats, Page 12, in the Office of the County Recorder of Clark County, Nevada.

Excepting therefrom the following all units in all Residential Buildings and Designated Exclusive Use Easements as shown on the Condominium plat referred to above.

And reserving therefrom, the right to possession of all those areas designated as Exclusive Use Easements shown upon the Plat referred to above.

And further reserving therefrom for the benefit of owners in future development, non-exclusive easements on, over and under the Common Area as defined and shown upon the Condominium Plat referred to above for ingress, egress and recreational use, subject to the terms and as more particularly set forth in the Master Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for SUMMERLIN COMMUNITY ASSOCIATION, recorded September 25,1990 in Book 900925 as Document No. 01274, also Amended and Restated Declaration of Covenants, Conditions, Restrictions and reservation of easements for Summerlin North Community Association Recorded august 15, 1997 in Book 970815 as InsrumentlFile No. 00692, and further set forth in the Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for RED HILLS CONDOMINIUMS, recorded June 18, 1996 in Book 960618 as Instrument/File No. 00136, as the same maybe amended and/or
supplemented, of Official Records, excepting from the Common Area, any Residential Buildings therefrom and any portion thereof which is designated as Exclusive Use Easements.

PARCEL TWO (2):
Living Unit 3932 in Building 39 of AMENDED FINAL MAP OF RED HILLS AT THE PUEBLO, as shown by map thereof on file in Book 81 of Plats, Page 12, the Office of the County Recorder of Clark County, Nevada, together with the garage appurtenant to said Unit as defined in Sections 1.16 and 4.04 of the Covenants, Conditions, and Restrictions and Reservation of Easements for RED HILLS CONDOMINIUMS.

PARCEL THREE (3):
A non-exclusive easement for ingress, egress and recreational use, over and under the Common Areas and Private Streets of RED HILLS AT THE PUEBLO, as shown by map thereof on file in Book 81 of

Plats, Page 12, in the Office of the County Recorder of Clark County, Nevada, and future Units, which easement is appurtenant to Parcels One (1) and Two (2) described above.

PARCEL FOUR (4):
An exclusive easement appurtenant to Parcels One (I) and Two (2) described above, over areas defined and described as Limited Common Elements in the Declaration and as shown and assigned on said Map.

pursuant to applicable State Laws, and thereafter commence any action necessary to

obtain complete possession of the subject property.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Secured Creditor shall give Debtors at least seven business days' notice of the time, place and date of sale.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Secured Creditor hereby withdraws its secured Proof of Claim filed in this matter. The Secured Creditor shall notify the Trustee of the completion of the foreclosure sale. If applicable, Secured Creditor may thereafter amend its secured Proof of Claim to an unsecured Proof of Claim no later than forty-five (45) days after the foreclosure sale.

Submitted by:

Wilde & Associates

By _____ #10795
GREGORY L. WILDE, ESQ.
Attorney for Secured Creditor
208 South Jones Boulevard
Las Vegas, Nevada 89107